**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
MARVIN MENDOZA                :    Civ. No. 3:14CV01664(AWT)
                             :
v.                            :
                             :
ANDREW TESTO, DANIEL CYLWIK,  :
DONAL CUMMINGS, ASV LLC and   :
170 FERRY BOULEVARD LLC       :
                             :
-----------------------------x
```

<u>RULING ON DEFENDANTS' MOTION TO COMPEL [53]</u>

Plaintiff brings this seven count complaint against his former employers for, inter alia, unpaid wages and overtime allegedly earned while employed by defendants.[1]

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendants move to compel plaintiff's compliance with defendants' Subpoena and Notice of Deposition dated March 16, 2015, request number 12, for copies of his federal and state tax returns for 2012, 2013 and 2014. [Doc. #53, Ex. A, B]  A telephone conference was held with counsel for both parties on Friday, June 5, 2015.

---

[1] Counts One through Seven allege violation of the federal Fair Labor Standards Act ("FLSA"), Connecticut Minimum Wage Act, Fraudulent Misrepresentation, Breach of Contract, Unjust Enrichment and Quantum Meruit, and Intentional and Negligent Infliction of Emotional Distress.  [Doc. #1 Compl.] Plaintiff alleges he worked for Off the Hook for approximately forty-seven weeks. Compl. ¶39

It is undisputed that plaintiff did not work for defendants in 2012. The parties agree that during the relevant time period, plaintiff worked for three employers: National Sintered Alloys Inc., New Haven Cash Register and defendants' business, Off the Hook Bar and Grill of Westbrook ("Off the Hook"). Plaintiff provided W-2s from National Sintered Alloys Inc. for 2013 and 2014 and some pay stubs from New Haven Cash Register, in response to the discovery demands of the defendants. The parties agree that New Haven Cash Register did not issue W-2s to plaintiff, and that the pay stubs provided do not encompass all income earned by plaintiff from that company.  A 30(b)(6) deposition of New Haven Cash Register is scheduled for the week of June 8, 2015.

It is also undisputed that defendants kept no employment records for the hours/overtime worked by plaintiff during his employment or wages paid to plaintiff. [Doc. #59, Ex. 2 at 48, 174, Ex. 3 at 2, Ex. 4 at 2, Ex. 5 at 2] Plaintiff alleges that he was provided with "paper tickets" recording his hours at the start and end of each shift, and on at least one occasion defendant Doe told plaintiff he did not need the paper tickets because Mr. Mendoza's hours were recorded in the computer.  See Compl. ¶¶ 33, 41.  However, plaintiff apparently does not have these records and neither do the defendants.

Defendants argue that plaintiff's personal income tax returns from 2012, 2013, and 2014 are relevant to the subject matter of the action because they will reveal information pertaining to: when plaintiff started his employment at Off the Hook; the wages he claims he was paid by defendants; and the income plaintiff earned at Off the Hook and a third employer, New Haven Cash Register. [Doc. #53 at 1]

"Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.' " Uto v. Job Site Servs., Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). "To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily available.'" Id. (quoting United States v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)). Counsel for the defendants clarified during the June 5, 2015, conference call that they are not seeking disclosure of the entire tax return, but rather solely any reported income and any business and/or work related deductions.

3

The defendants argue that they have met the relevance and "compelling need" standards for disclosure of the returns because by utilizing the income information from the returns in conjunction with information obtained from National Sintered Alloys Inc. and New Haven Cash Register they will be able to test plaintiff's wages claim and damages analysis. The gravamen of the plaintiff's complaint in this case revolves around his income.  Clearly, the amount of compensation received by plaintiff is relevant to the prosecution and defense of this action. Here, both parties represent that they do not have access to records showing the hours actually worked or money actually paid to Mendoza by the defendants, meaning that the information sought is not otherwise available.

Plaintiff counters that defendants have not adequately explained "how they will extrapolate plaintiff's start date, hours worked and wages earned from his tax returns." [Doc. #59 at 2] Wages earned by individual employers are contained in IRS W-2 Wage and Tax Statements ("W-2s"), not in tax returns, which provide a line for aggregate income. Plaintiff states he has already disclosed his W-2s from one employer. [Doc. #59, Ex. 1, Pl. Resp. to Req. No. 8, W-2s 2013, 2014] While this is true, during the telephone conference plaintiff admitted that he did not produce W-2s from New Haven Cash Register and it was unclear if all of his paper tickets have been provided. Indeed,

plaintiff admitted that he did not maintain a bank account where he would have deposited his wages.

Plaintiff further argues that even if defendants can demonstrate that information regarding income is relevant, they have not shown how the information can be obtained from plaintiff's personal income tax returns.  This argument misses the point.  The fact that the information sought by the defendants in this discovery demand might not be <u>sufficient</u>, on its own, to provide a complete picture of the plaintiff's income from all employers during the relevant time period does not mean it is not <u>relevant</u>, or that the defendants' discovery request is not proper.

Plaintiff concedes that he cannot fully document his income from various employers with W-2 forms and pay stubs.  Plaintiff testified at his deposition that he based his reported income on his own recollection.  Where, as here, the plaintiff's income is the very crux of the dispute underlying the litigation, defendants are entitled to pursue documentation of that income. Defendants have demonstrated they have sought documentary evidence from plaintiff and from New Haven Cash Register. <u>See</u> <u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143, 144-45 (E.D.N.Y. 2010) (denying motion to compel production of tax returns to identify plaintiff's "other employers," where defendant failed to utilize less intrusive discovery devices for

the same information)). On this record, the Court finds that defendants have satisfied the two-part test to compel disclosure of plaintiff's federal and state tax returns.  See Uto, 269 F.R.D. at 212 (defendant has the burden of proof to demonstrate both relevancy and a compelling need) (citing cases)).

For the reasons stated, defendants' Motion to Compel **[Doc. #53]** is **GRANTED in part and DENIED in part**. Plaintiff will produce the portions of his federal and state tax returns containing reported income and any business and/or work related deductions for 2013 and 2014. The parties will confer and enter into an appropriate protective order.

This is not a recommended ruling. This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 8th day of June 2015.

_____
/S/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE